Case No. 09-1260, People v. Garris, Terry. Good morning, Your Honors. My name is Deborah Pugh, and I'm from the Office of the State Appellate Defender, and I represent the appellant, Jarvis Terry. Assistant State's Attorney, Noah Monaghan, on behalf of the people in this case, Your Honor. Let's proceed. The judge in this case could not have been clearer. Plead guilty and get five years, go to trial, get the maximum. This is what he said. I'll give him five. He takes a hit, I'll give him seven. But I'll give him five. He's got an hour to think about it. Defense attorney confirmed. Five years in the penitentiary, go to trial, seven. In spite of the threat, the defendant decided to exercise his right to trial, and as promised, he got the maximum sentence of seven years. Well, what do you say about the fact that the judge in the sentencing said that he didn't even remember the 402 conference? What is your response to that? Let me repeat what the judge said in that instance. He said, I will state to you that I would hope that I never memorialize 402 conferences. I have no independent recollection of the offer, and I don't want to know. So let me ask you, we all have the description of his background, and five is pretty close to seven. Seven is the maximum, as you say. Given what the judge, given my reading of the record, why shouldn't we simply conclude that the defendant, given his background, if he's found guilty of this offense, this case is worth seven years. And if he wants to plead guilty, he can get five. And why shouldn't the trial judge say and be as transparent as possible to the defendant? This is what you're looking at. Five on a plea, seven, the maximum. I mean, he could have given them six. I mean, is that what you're suggesting, that maybe he's entitled to six, or are you saying he's entitled to five? But the judge has already said, five is only when you want to take, assume responsibility. Only when you want to plead guilty and say, yes, judge, I engaged in this criminal behavior, and I'm going to save the society the cost and the effort of proving me guilty because I'm accepting responsibility. Well, there are a lot of questions on the table. If you don't mind, Justice Gordon, I'll table your question for a moment while I address Justice Garcia's question. What you're discussing, it seems, is the difference between leniency for pleading guilty versus a trial tax. And there are ways in which a judge can show that what he's doing is providing lenience versus a trial tax. The judge here used language of punishment. He takes a hit, he gets seven. Now, the judge has described it. Why doesn't that simply describe seven being greater than five? Well, I mean, for one, we have an issue of a judge prejudging the evidence. He's saying, regardless of what happens at trial, this is what he will get. Regardless of what happens at trial, regardless of what happens at sentencing, this will be seven years. It doesn't matter what happens at trial. Well, why don't we address Justice Gordon's point? Why shouldn't we take what the trial judge said at sentencing at face value, that he makes a point of never memorializing a 402 conference result, and he takes everything fresh? Well, first, there are cases from this district, Petty Court in Scott, that says that judges actually do have a responsibility to know what the offer was at a 402 conference, even if it was a different judge who presided over the 402 conference than the judge who's presiding over the sentencing. That judge has a responsibility to know. And that responsibility is for what purpose? The responsibility is so that they can be aware of what the offer was and just be aware of the history of the case. Why should the offer make any difference if the guy goes to trial and he's found guilty? Well, in this case, we have an issue of prejudgment. And then also, if this judge, in fact, didn't remember... Would six be a prejudgment? That makes it a more difficult question, because here we have where there's the denial of the memory, and we have the exact same result that the judge had said at the plea conference. It makes one think that perhaps the judge was using the exact same calculus at the sentencing that he had been using at the plea proceedings, saying two years extra for the trial. That's the trial tax. If it's six, then you have to think that perhaps the judge is reconsidering it. However, then there's... but there's still the chilling effect of a judge telling a defendant straight out, at the 402 conference, you will get a penalty for exercising your constitutional right to trial. Where's the chilling effect? Because it seems to me that it's quite the opposite. If the defendant is told five if you plead guilty, seven if you don't, he has exactly the information he needs to make a reasoned and informed decision as to whether or not I should go to trial. If I go to trial, I get seven. If I plead guilty, I get five. Which way do I want to go? And he says, I'm willing to take a risk. If we lived in a country where a defendant could be penalized like this for standing the right to trial, that would be true. No, but what if the case is worth seven? I'm sorry, say that again? What if the case is worth seven years if there had been no 402 conference and the judge had sentenced him to seven years' regard? Then we wouldn't have something on the record saying this defendant will be punished for exercising his constitutional right to trial. Maybe judges should decline to engage in 402 conferences for the fear that their information is going to be used against them down the line as a claim that he's being punished for exercising his right? Oh, not at all. There's absolutely no reason to do that. A case like Civil, cited by the state, gives a real- So what you're saying is that he should never have said seven? What I'm saying is that he shouldn't have prejudged the case. What if he hadn't said seven, but he imposes seven? If he hadn't said that, then the disparity between the five and the seven is not necessarily so great. Of course, it's highly arguable that he learned anything new at trial because the 402 conference- So you're saying whatever the offer is at a 402 conference is the sentence that must be imposed following a trial? No, not at all. That's not at all the case. He doesn't learn anything more. He doesn't learn anything more damaging. He already has his full background. The PSI isn't going to inform him of anything else. Well, if I refer you to the case Civils, where the judge said at sentencing- So it wasn't a case of a chilling effect before trial, but at sentencing the judge was saying, well, honestly, had you pleaded guilty, you would have gotten a lesser sentence. You probably would have gotten a lesser sentence. That judge said, however, it would be terrible to penalize a defendant for exercising his constitutional right to trial. And quote, this man is not being punished because he took a jury trial. This judge could have just put in a few words that would protect the integrity of the judicial system, assure defendants that they are not being punished for standing the- for exercising their constitutional right to trial. This judge failed to do that. Let me ask you this. So let's say we agree that some question is raised here. What impact would our decision have on the integrity of the trial, integrity of the trial proceedings? If we say a judge who mentions the sentence that he would impose following a trial, and he doesn't do it the inverse, he doesn't say, you know, this case is worth seven, but I'm going to give you leniency by giving you five if you plead guilty. If he simply says, you know, straightforward, plead guilty five, go to trial seven, what does that say about what are we contributing to the- Well, but this is as blatant an example of an on-the-record, clear-cut imposition of a trial text as you will find anywhere in the case law. This is unusual to have this on the record. You take a hit, you get seven. He's an unusual judge. I hear. And but what we have here is a tangible harm imposed upon a defendant. And if this court affirms, it's a rubber stamp. It's saying, yes, judges do this. Maybe they shouldn't get none of them. Maybe the 402 Convention shouldn't be recorded then if this is what they're going to do. This court would be rubber stamping. Yeah, there's a policy. So what's the remedy? Do we say we reverse on sentencing and we impose a five-year sentence? Or do we remand for resentencing before a different judge? Well, I think in this case, I mean, People v. Young shows that, and, of course, this court, of course, has the authority to simply alter the sentence to be the five years that he was originally offered. I mean, of course, this court could also remand. What would be the incentive for a defendant if at a 402 conference he's told, this case is worth nine, but if you plead guilty, I'll give you four. He goes to trial, found guilty, nine years imposed. He takes an appeal claiming that I was really entitled to four because that's what he offered me at the 402 conference, much like this case. Now, the difference in that is that the judge has said the case is worth the nine. And is that what this case should turn on? Should it turn on the words that the judge uses as opposed to the message that he's trying to convey? Well, I think, with all due respect, Your Honor, you're accusing me. You think the judge was offering five years to the defendant on his plea of guilty because the case was worth five years? And he really, he wants to impose seven as a punishment? That is what the judge, we have nothing to go on here but the record. The judge said he takes a hit, I give him seven. The judge had ample opportunity to say. He said he takes a trial. He said, but then the defense counsel. I mean, if you take a hit, I would never use that, I'm sorry. But if you say, I mean, you could read that to mean if you're found guilty, you'll get seven. But you could also read it because that's what you deserve. Well, but there's nothing in the record that says that. He says, I'll give him five. He takes a hit, I'll give him seven. Then defense counsel confirms five years in the penitentiary, go to trial, seven. He's not saying this is actually worth seven, but you get a little bit of leniency for greasing the wheels of justice, so on and so forth. He's saying, you take a hit. And the judge had ample opportunity at sentencing to say, no, that's not what I meant. I would never do that. This is not a case where I'd be honest. Because he didn't remember anything. If he didn't remember, he apparently then used the same calculus. There's simply just nothing in the record. A judge doesn't have to have a lot in the record. So how do we decide that he really did remember? And he really is opposing seven because that's the hit that he said he promised the defendant. But at the sentencing hearing, even though he says he doesn't remember, and even though he says he never memorializes the 402 conference, and that's simply his approach to those things. He does it on the day, gives him an hour to think about it. If not, we go on to the next case. And this case gets assigned for trial if he doesn't want to take it. What are we saying about the trial judge at that point? Well, I mean, the case of Stockwell is sort of interesting on that, US v. Stockwell, where it's not saying anything about the trial judge necessarily. We do have this on the record that he's saying that. And we don't have anything in between saying that this judge recognized at any point that it was inappropriate to issue a trial tax. But Stockwell says, while we do not believe that the experienced trial judge actually punished the defendant for standing trial, the record leaves unrebutted the inference drawn by the defendant that he's being punished. Are there two reasonable inferences to be drawn from the record in this case? In this case, it's irrelevant whether or not the judge remembers. Not according to Stockwell? According to Stockwell, the concern is about the judicial integrity and that we have an on-the-record threat that just makes it look like this is how justice is done in Illinois. But in this case, whether or not he remembered, there's nothing to indicate that he didn't use the same calculus and that he didn't think, okay, yeah, this is worth five, but he gets a little extra punishment for going to trial. And so whether or not he remembered, we still have a situation. Do you know of anybody who says that if you plead guilty, I'll give you what it's worth, but if you go to trial and you're found guilty, I'll give you more? I mean, that doesn't happen. I mean, I have never seen a case like this. It doesn't? I have looked through case law far and wide. But this case might reflect more, and we've talked about sloppiness in terms of trial and in terms of post-conviction counsel in the previous case and maybe confusion in the first case. And maybe there's a little bit of sloppiness in the words that were chosen by the trial judge in this case. I mean, if there was, he had the opportunity to correct it when defense counsel said, defense counsel clarified, okay, plea five, trial seven, right? And the judge could have said, oh, no, no, that's not what I meant at all. And he never indicated at any point, oh, I learned something new, or the fact that he dropped out of high school, which is what the state points to, that leads to an extra two years. Nothing like that happened. You know what bothers me here? I'll tell you what bothers me here. I think as a defense counsel, a defense counsel would love to know from a judge what there would be if you went to trial and what there would be if you pled guilty, okay? And you want to take that away so nobody would ever, ever do that again. And the second problem that bothers me is that if we send this back for resentencing, that doesn't mean another judge won't give him nine years or eight years. Well, he got the maximum. Is he extendable? No, he's not extendable. Seven is the max. Well, in this case, though, if a judge said this is what you get if you pleaded guilty, we're accepting prejudgment. We're saying, oh, it doesn't matter what I learned at trial. It doesn't matter what I learned at the sentencing hearing. This is what he would get at trial. This is why we have trials. Let me ask you one final question, and it really comes out of Justice Gordon's point. If we send it back and the guy gets seven, what was this exercise all about? If, in fact, we're approaching that finding that he was penalized for going to trial, if he was really penalized for going to trial or even if there's an inference that he was penalized for going to trial, we should give him five. Well, there are two things. First, I would urge this court to modify the sentence here in the interest of efficiency. The trial court below would have the exact same materials that this court currently has before it. It would just have the trial record. There's not going to be an evidentiary hearing. It would just be a resentencing based on everything that this court currently has. So there's no reason to remand it for resentencing. And according to the case law, typically when something is remanded for resentencing, it's remanded with explicit instructions to consider the plea offer. And so the judge below would have to say, oh, well, in fact, he dropped out of high school. That's two years. There was just not enough. There was nothing here that was pointed to by the prosecutors that was new. There was nothing here that was pointed to by the judge that was new. It's only the state's attorney, the appellate state's attorney now, who's looking at it sort of combing through all the evidence, pointing to these minor things, saying this is why there are the two years. There's no reason that this defendant, if he was offered five, if he does get seven after taking the trial, the implication is that it is a trial tax. Maybe if the court below doesn't do that, we don't have somebody who actually issued a threat, maybe it would be different. But there's nothing to indicate why it would be seven. So in this case, we have an issue where he was threatened with a maximum, and he received the maximum. The inference that he was being punished for standing trial is left unrebutted. Any information that came out at trial regarding flight or the fact that he didn't graduate from high school, nothing about this was mentioned by the prosecutor at trial, nothing about this was mentioned by the judge at trial, and it's only now coming up on appeal that this is suddenly considered so important when it wasn't important before. And so this defendant was punished for standing trial, which has a chilling effect on defendants' rights to stand trial, and this court should not rubber stamp that sort of imposition on the defendants' right to stand trial. Accordingly, could Jarvis Terry ask that this court reduce his sentence to what was offered at the plea hearing, which was five years? Thank you very much. Good morning, Your Honors. Counsel, may it please the Court Assistant State's Attorney Noah Monaghan on behalf of the people in this room. Thank you. Your Honors, this case comes before this Court after this defendant was convicted by a jury of the delivery of a controlled substance. In January of 2008, the defendant sold crack cocaine to an undercover officer, purchasing the medical device. No, we understand the facts. This all has to do with the sentencing. Let's get into the sentencing. Your Honor, at the 402 Conference, the defendant was facing a range of three to seven years. As this Court has heard many times, the trial court stated, I'll give him five. He takes a hit. I'll give him seven. But I'll give him five. He's got an hour to think about it. The defendant obviously went to trial. At the post-trial, at the sentencing hearing, the trial court, in its statement, said that it had read the pre-sentence investigation report. It didn't remember the 402 offer. It also noted that the defendant was able to offer. Did defense counsel refresh the judge's recollection at sentencing regarding what the offer was at? No, Your Honor. He didn't see a need to do that. No one did. And, in fact, the only mention of the fact that there was a 402. I think the judge said he didn't want to know what the offer was. Correct. And the only mention of the 402 Conference at all at sentencing was the assistance to the attorney. But if defense counsel thought that there might be a tax being imposed for pursuing a jury trial, I think he might have wanted to let the judge know, Well, Judge, you offered only five at the 402 Conference, and now you're saying seven. That's correct, Your Honor. I think you need to explain that. And, in fact, it brings up an initial matter that needs to be raised that has actually been an oversight in this case on behalf of both parties. Because if you'll note in defendant's brief on page 9, the defendant notes that no motion to reduce sentence was filed in this case either. So there is no motion filed after the sentence, and there was nothing brought up at sentencing objecting to a trial tax. So, in fact, under Illinois Supreme Court mandates, this has been forfeited. Defendant has not properly preserved this error for review, and obviously it's an oversight that neither party has addressed it in this way. But that doesn't change the Illinois Supreme Court mandates, which mandate that this must be addressed under the rubric of plain error. And if you look at plain error, it is defendant's burden. When a matter has not been properly preserved for review, it's the defendant's burden to raise it before the appellate court and to plead it and persuade the court that it should be reviewed. And one case that the people actually did cite in their brief, cited it for another purpose, of course, was the case of People v. Moss, 205 Illinois, second recorder, page 170. The Illinois Supreme Court in that case, addressing an issue by that defendant, says you, the defendant, did not acknowledge the waiver in this case. You didn't request plain error review, and thus this matter is waived. And really the same result should apply here, regardless of the fact that the parties didn't address it in their briefs, because it doesn't change the fact that the matter wasn't preserved at all. You know, there is waiver on waiver. And let's say they did waive. Why shouldn't we conclude that the state also waived? Because it's the defendant's burden. But you didn't raise it in your brief that they waived. That's correct. But it's not the people's responsibility to plead the case for the defendant. If the defendant is the one who has to show to this court, hey, this is ____. But it is your responsibility to point out when the defendant should be found to have waived or forfeited an issue, because you want to inform us, because we might miss it too. That's correct. And if you don't, then we can conclude that the state also waived. Correct. And you know what? The people are fortunate that they're having this opportunity to point it out now. We appreciate it. And so the people are taking that opportunity. Your Honors, even if this matter was reviewed as plain error, there would be no plain error here because there was no error. The Tribal Court properly exercises discretion in sentencing this defendant. And as a first point, it should be noted that this defendant got seven years. The sentencing range was three to seven, so there's no question he was sentenced to a proper thing. And there's no issue raised in this case that this defendant was not justified in getting seven years. This was this defendant's fifth felony. He was arrested 17 days after being released from prison. This is five felonies. And, you know, that's exactly what the Tribal Court told him before trial. It says, you know what, I'll give you five, but if you go to trial, hey, the leniency I am offering you now before trial is gone. And you know what? One thing you see when you look at Illinois law, when you examine that statement, first of all, that statement shouldn't be examined just on its own. It is mandated by the Illinois Supreme Court that the entire record be considered, and that includes the court statements of sentencing. That includes the court statements. Hey, I read the PSI. Hey, you know, that is an important quote at sentencing where he says, he won't stop. And that's important here where it's five felonies. The last one, he got out of prison 17 days before this last case. He won't stop is what the court said before giving him seven years. So it's a very justifiable sentence. And there's no suggestion that this defendant did not deserve that sentence. But if you look at the court statement pre-trial, what you see is that Illinois law allows courts to offer leniency. The Illinois Supreme Court and Moss and in other cases, civils have said you're allowed to offer leniency. And Illinois law also says you're allowed to withhold that leniency after trial. So what this defendant is attempting to do in this case is suggest that it is an automatic court error if you explicitly state, by the mere fact of explicitly stating that I am going to do what Illinois law allows, offering leniency and then withholding leniency, you have somehow committed automatic error. But that's not Illinois law. And you know this by looking at this court's own decision in People v. Carroll. Because there's an important point in People v. Carroll where this court says that confronting a defendant with the risk of more severe punishment is both an inevitable and permissible part of any legal system that allows and encourages pleas. And there's no doubt that by having Rule 402 on the books, the Illinois legal system allows and encourages pleas. That's why it's there. Didn't 402 get modified a bit now that judges can initiate this? Sure. Because that wasn't the case before. Right. And it's also important to see that in Carroll that this court was quoting a U.S. Supreme Court case, Corbett v. New Jersey, which is where that statement is from. And it's important to note that because that U.S. Supreme Court case is from 1978. So that postdates the case of Stockwell, which the defendant is really the one and only case the defendant has cited here supporting his case, which involves a pretrial statement. Well, the United States Supreme Court said five years later that you can take the risk of more severe punishment, and that is permissible. And that's exactly what the trial court did here. Just as one additional point that people want to point out on the matter of remedy, the people do not think it is an appropriate remedy to just modify this defendant's sentence, where, as the people pointed out, this is a perfectly justifiable sentence for this defendant, given his background and all the facts and circumstances here. And as Your Honor pointed out, no one raised this during the sentencing here. So if there's any remedy that's to be done here, the matter should be sent back so that this could be raised and then the judge would have a chance to explain further. But as the people have stated, that there should be no remedy involved here, because this matter should be found forfeited, and even if not forfeited, there was no error, so there can be no plain error. So for these reasons and the reasons stated in people's brief, we ask you to affirm. Thank you. Any rebuttal? Tell me, how do you get around plain error? Well, first, I do not believe, Your Honor, that we need to get to plain error, because due to people, the Williams from 2000, the defense is not required to bring up waiver issues in their opening briefs. It is up to the state, if the state wishes to pursue that angle, to raise that in their brief. The state did not raise it, so accordingly, that was no longer the person's responsibility. I don't think it has anything to do with that. I think it has to do with what happened before the trial court, and if there was no objection, it wasn't in a post-trial motion. Piakowski says you have to use plain error. That's what it says. I mean, it was certainly not, that's absolutely correct, that it was not raised below at all. The state did not raise it in their brief, but even so. So then it's forfeited. Even so, though, under plain error, this is the defendant's constitutional right to stand trial. What could be a more fundamental right? Well, that might be handled maybe on the PC when they file ineffective assistance of counsel. But it's not really a PC issue, because this is a plain error. If you want to go to plain error, if you want to accept the idea that this has been waived by the defense despite the state's failure to raise it in their brief, this is a plain error issue. And so it's a trial issue. It would be certainly ineffective assistance of counsel on my part not to be raising this in the open. I don't know how you could scoot around plain error, but it would be dead to me. This is the defendant's constitutional right to stand trial. This is a fundamental right. This is the kind of issue that – What does Williams say when the state doesn't raise forfeiture in their brief? Waives waiver, that the state has waived waiver. And, therefore, the issue remains proper for the court outside of plain error? Correct, correct, that it's not a plain error issue if the state chooses not to pursue a waiver issue. Additionally, to move on from there, the state talks about leniency versus a tax. Now, let me talk about the cases the state cited to. The state cited to people would be Moss. Moss is not this kind of case. Moss is a case where a co-defendant pleaded guilty, got a lesser sentence. The defendant went to trial, got a greater sentence, and the Moss court said you can't compare these two. This is a different issue. This is not takes a hit, gets seven years. This is a case talking about differences between defendants and different postures. And as for civils, yes, that was about leniency. And, importantly, the civils court covered any concern about trial tax by saying that this man is not being punished because he took a jury trial. Civils shows us how to do this. There's not a huge burden for a judge to show that it's leniency and not a tax. And then the defense state also talks about Carroll. And in Carroll, the quote from the court in Carroll was that the defendants provided not the slightest evidence of a tax. Compare that to this case. He takes a hit. He gets seven years. These cases are not on point. What if we look at instead 17 days out and committing a new offense and the judge says he won't stop? And at the maximum of seven, he says you take it now, five. If the issue of 17 days were so important, the state could have mentioned it at the 402 hearing. The state could have mentioned it at sentencing. The court could have mentioned it. There was no point in mentioning it at the 402 hearing because I suspect the state offered seven and that's what was going before the judge. I mean, an offer of seven is scarcely. Well, but that was the maximum. They couldn't offer anything more. And the judge was trying to give him leniency by saying I'll give you five. That is not what the judge said. The judge wanted to offer leniency. The more I hear this, he says I'll give you five. I mean, is that an indication that he's being lenient when he says I'll give you five but after trial you deserve seven. I'm going to give you seven. Certainly he could have said it that way. He could have. But you're asking us to read a lot into the words that he said. When he said I'll give, I mean, so I'm looking at each word. I'll give you. You don't deserve it. I mean, I say, you know. This would be not so clear cut if the defense counsel hadn't clarified five years in the penitentiary, go to trial seven. It's stated as a tax. The state points out that. Well, then that's the defense lawyers saying. He's clarifying. He's saying is this what you mean. And the state points out that. I mean, how do you know he's talking to the judge and not his client when his lawyer says go to trial. Well, it's in the record. And so he's speaking. And so if the judge had thought that there was a misunderstanding. Why do you characterize it as a statement depicting a tax as opposed to a statement depicting leniency? There is no case in Illinois law that I have been able to find through diligent searching that shows us what a statement of leniency would be. This does not look like a statement of leniency. And you take a hit, you get seven years. If the judge wanted to make it an issue of leniency, he could have chosen a different language to do so. And the state points out that the defense has placed. The state found no cases? The case that comes closest to this, and the state criticizes the defense for relying on Stockwell, both because it's a federal court, because it's a federal case, and because it's really the only case. Stockwell was the only case I was able to find that has a threat like that. What does that tell you? That it's the only case out there. And it predates the Supreme Court case that he mentioned that talked about leniency is something the defendant can be told about. Well, I wish the state had mentioned that case in their brief so that I would have had the opportunity to respond. I didn't realize that. And so I'm afraid that I'm not familiar with that case. But, again, with the issue of leniency, I mean, yes, that's the issue in this case is, is this leniency or is this a tax? And there is nothing. It is so easy. The case law gives a roadmap for how you show that it's leniency as opposed to a tax. This judge didn't do any of those things. We have something on the record. There is nothing in the case law that's as clear as this. If you look at the case law, you have things like, oh, well maybe you would have gotten. There's nothing like this that says before the trial even happens, where the defendant is trying to make a decision about what he should do, whether he should exercise his right to trial. There at Stockwell is the only case I was able to find that even occurs at the plea hearing. All the other ones the judge is sort of musing after the fact. And even in those cases, like Moriarty and Young, that's considered so inappropriate that the defendant is given relief, even though in those cases there wasn't the potential chilling effect of the defendant's right to stand trial. Here we have the chilling effect of the court talking about what the defendant would get regardless of what comes out at trial, regardless of what shows up in the PSI, regardless of what happens at the sentencing hearing. We have a judge who's prejudging the case and is telling the defendant that you go to trial, that's worth two years. That's a tangible harm. And this court should address that harm not by remanding. I mean, remanding, of course, is appropriate, but there's no reason in this case to remand. Young shows us. And this court obviously has the authority to simply strike the two years off of Jarvis Terry's sentence and give him what he was initially offered, which is five years. Thank you. I am going to take the opportunity to direct the State's Attorney's Office to file a motion to cite additional authority with that case that you referenced and make sure you give counsel notice. If I may clarify for just one moment. When I was citing that case, the case of Corbett v. New Jersey, the reason the people were citing that case is because what I was reading was a quote from this court in People v. Carroll. Okay. So you were citing Carroll. This court in Carroll was quoting Corbett v. New Jersey. So that's how that came up. But if Your Honor wishes, I can say. No, no need. Okay. Thank you. Okay. Well, thank you very much. It was a very interesting case. We'll take it under advisement. And the Court is adjourned.